UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KOMAE WILLIAMS, et al.,**

    **Plaintiffs,**

v.                                           **Case No. 8:24-cv-01603-AAS**

**EMTB, LLC, et al.,**

    **Defendants.**
_____/

## ORDER

Defendants EMTB, LLC (EMTB) and Michael Tomkovich (collectively, the defendants) move to dismiss the plaintiffs' complaint or, in the alternative, to stay the action pending mediation and to strike the plaintiff's collective action allegations and demand for a jury trial. (Doc. 17). Plaintiffs Komae Williams, Samantha Blocker, Kayla McQueen, Norma Ferreira, Ashlyn Metcalf, Dawn Evans, Yvelly McNally, Dayuanna Monteagudo, Alex Christian, Chayenne Desouza, Autumn Gullick, Taniya Dozier, and Jamie Burgos (collectively, the plaintiffs) oppose the defendants' motion. (Doc. 18).

**I. BACKGROUND**

On July 3, 2024, the plaintiffs sued the defendants under the Fair Labor Standards Act (FLSA), "on behalf of all persons who were or are employed by

1

[the d]efendants as exotic dancers/entertainers at any time during the three (3) years prior to the commencement of this action." (Doc. 1, ¶ 43). The plaintiffs also demand a jury trial. (*Id.*, p. 18).

The plaintiffs allege they executed performer agreements as a condition of performing at EMTB's facility.[1] (*Id.*, ¶ 33). The performer agreements mandate adherence to a dispute resolution process, which requires aggrieved parties to first bring the matter to the attention of their manager or EMBT's attorney. (Doc. 17-1, pp. 8–9). EMBT may elect to require the aggrieved person "to mediate [the] dispute." (*Id.*, p. 9). After the aggrieved person completes step two of the grievance process, including mediation, the matter may proceed to litigation or arbitration. (*Id.*). The performer agreements also contain a jury trial and collective action waiver. (*Id.*, pp. 10–11).

The defendants move the court to dismiss or stay this action pending mediation under the performer agreements' terms and to dismiss or strike the plaintiffs' collective action allegations and jury trial demand. (Doc. 17). The

---

[1] "In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiffs' claim, and (2) its authenticity is not challenged." *SFM Holdings, Ltd. v. Banc of Am. Sec., LLC*, 600 F.3d 1334, 1337 (11th Cir. 2010). The performer agreements are central to the plaintiffs' claims and their authenticity is not in dispute. Thus, the court may consider the performer agreements without converting the defendants' motion to dismiss into a motion for summary judgment.

2

plaintiffs oppose the defendants' motion and request that the court deny enforcement of the grievance procedure outlined in the performer agreements. (Doc. 18). In the alternative, the plaintiffs request that the court stay this action during the completion of any conditions precedent instead of dismissal. (*Id.*, pp. 8–9).

## II. ANALYSIS

"Courts favor non-binding mediation and will enforce agreements requiring non-binding mediation as a condition precedent to arbitration or litigation." *Arbea v. Itemp, Inc.*, No. 24-80376-CIV, 2024 WL 5078273, at *1 (S.D. Fla. May 20, 2024). Indeed, under Florida law, contractual clauses requiring parties to mediate or participate in arbitration are presumptively valid. *See, e.g.*, *Smith v. Davison Design & Dev., Inc.*, No. 3:13-CV-1194-J-32JBT, 2014 WL 12610156, at *3 (M.D. Fla. Feb. 28, 2014), report and recommendation adopted, No. 3:13-CV-1194-J-32JBT, 2014 WL 12617003 (M.D. Fla. Mar. 24, 2014) (citing *John v. Goodman Ltd. P'Ship v. THF Constr., Inc.*, 321 F.3d 1094, 1096 (11th Cir. 2003)). To invalidate a clause requiring arbitration or mediation, a plaintiff bears the burden of alleging facts which, if taken as true, would allow an inference that an agreement is both procedurally and substantively unconscionable. *Golden v. Mobil Oil Corp.*, 882 F.2d 490,

3

493 (11th Cir. 1989); *Curbelo v. Autonation Ben. Co.*, No. 14-CIV-62736, 2015 WL 667655, at *3 (S.D. Fla. Feb. 17, 2015); *Murphy v. Courtesy Ford LLC*, 944 So.2d 1131, 1134 (Fla. 3d DCA 2006).

"Procedural unconscionability exists when the individualized circumstances surrounding the transaction reveal that there was no real and voluntary meeting of the minds of the contracting parties." *Golden*, 882 F.2d at 493 (internal quotations omitted). Substantive unconscionability requires a showing that the terms of the arbitration agreement are "unreasonable and unfair," and focuses on whether the arbitration provision is "so outrageously unfair as to shock the judicial conscience." *Curbelo*, No. 14-CV-62736, 2015 WL 667655, at *3 (internal quotations omitted). The court finds no basis to conclude that the performer agreements requiring the parties to participate in pre-suit mediation are procedurally or substantively unconscionable. Thus, the performer agreements are enforceable.

In addition, the FLSA does not prohibit employees from waiving their rights to collective action or their right to a jury trial. *See Lazo v. W. Coast Trucking Corp.*, No. 1:17-CV-21165-UU, 2017 WL 9324346, at *9-10 (S.D. Fla. June 12, 2017); *see also Carter v. Countrywide Credit Indus., Inc.*, 362 F.3d 294, 298 (5th Cir. 2004) (enforcing collective action waiver of FLSA claims);

4

*Winiarski v. Brown & Brown, Inc.*, No. 5:07-cv-409-Oc-10GRJ, 2008 WL 1930484 (M.D. Fla. 2008) ("[t]he mere fact that an employee signs an employment agreement containing a jury trial waiver in a 'take it or leave it' situation does not make the waiver unenforceable or unconscionable.").

### III.   CONCLUSION

Because the performer agreements are enforceable, the plaintiffs cannot litigate their FLSA claims here without first participating in the pre-suit grievance process, including mediation. However, the court will stay—rather than dismiss—this action.

Accordingly, the defendants' motion to dismiss or strike (Doc. 17) is **GRANTED in part and DENIED in part**. This action is **STAYED** pending the parties participating in the pre-suit grievance process, including mediation, as required by the performer agreements. The parties are **DIRECTED** to file a notice advising the court of the selected mediator and the mediation date by **March 7, 2025**. Mediation must be completed by **June 6, 2025**. Due to the stay, all other deadlines in the CMSO (Doc. 26) are **VACATED**.

**ORDERED** in Tampa, Florida, on February 20, 2025.

*[Signature: Amanda Arnold Sansone]*

AMANDA ARNOLD SANSONE
United States Magistrate Judge