# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**KOMAE WILLIAMS, et al.,**

> **Plaintiffs,**

**v.**                                                    **Case No.  8:24-cv-01603-AAS**

**EMTB, LLC, et al.,**

> **Defendants.**
_____/

## ORDER

The parties jointly move to file their FLSA settlement agreement under seal. (Doc. 50). On July 3, 2024, thirteen plaintiffs filed a complaint against the defendants requesting damages under the FLSA. On June 3, 2025, the parties participated in a mediation of this action and its companion case, *Evans v. Emperors Tampa, Inc.*, Case No. 8:23-cv-00498-WFJ-SPF. On July 11, 2025, the Honorable William F. Jung, United States District Judge, granted the parties' corresponding request to file their FLSA Settlement Agreement under seal in the *Evans v. Emperors Tampa, Inc.* action. Case No. 8:23-cv-00498-WFJ-SPF (Doc. 97) ("Pursuant to the parties' request, the Settlement Agreement must be filed under seal.").

Before sealing a document, the court "must identify and articulate 'an overriding interest based on findings that [a seal] is essential to preserve

1

higher values and is narrowly tailored to serve that interest.'" *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1245 (M.D. Fla. 2010) (quoting *Press-Enter. Co. v. Super. Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 510 (1984)). Typically, FLSA cases do not involve an "overriding interest" or present "extraordinary circumstances" justifying a seal because sealing an FLSA settlement agreement "thwarts Congress's intent both to advance employees' awareness of their FLSA rights and to ensure pervasive implementation of the FLSA in the workplace." *Id.* at 1245–46.

Here, public disclosure could affect the parties' settlement because each of the settling parties agreed to individualized economic resolutions based on their claims and defenses. Disclosure of those individualized terms could result in attempts at renegotiation and impede the parties' ability to consummate the settlement. Moreover, disclosure of the settlement's terms could impact the non-participating plaintiffs' actions. Under these circumstances, a seal is warranted.

Accordingly, the parties' motion to file their FLSA settlement agreement under seal (Doc. 50) is **GRANTED**. Absent a future order to the contrary, these documents will remain under seal until ninety days after the case is closed and all appeals exhausted. *See* Local Rule 1.11(e), M.D. Fla. To prevent the content of a sealed item from appearing on the docket after the seal expires, a party or

interested non-party must move for relief before the seal expires. *Id.*

      **ORDERED** in Tampa, Florida, on July 18, 2025.


AMANDA ARNOLD SANSONE
United States Magistrate Judge