UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**KOMAE WILLIAMS, et al.,**

    **Plaintiffs,**

v.                                                           Case No. 8:24-cv-01603-AAS

**EMTB, LLC, et al.,**

    **Defendants.**
_____/

## ORDER

The parties move for the court to approve their proposed settlement of the Fair Labor Standards Act (FLSA) claims and dismiss this action. (Doc. 52). In addition, Defendants EMTB, LLC and Michael Tomkovich (collectively, the defendants) move to dismiss Non-Participating Plaintiffs Taniya Dozier, Dawn Evans, Dayuana Monteagudo, Alexis Christian, and Samantha Blocker (collectively, the non-participating plaintiffs) from this action with prejudice. (Doc. 54). No response to the motion to dismiss has been filed, and the time for doing so has expired. *See* Local Rule 3.01(c), M.D. Fla. ("If a party fails to timely respond, the motion is subject to treatment as unopposed."). The court will consider each motion in turn.

    **I. Motion to Approve FLSA Settlement Agreement (Doc. 52)**

A claim brought under the FLSA can be resolved in two ways. *See* 29

U.S.C. § 216; *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352–1353 (11th Cir. 1982). First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *Lynn's Food*, 679 F.2d at 1353. Second, an employee may settle and waive claims under the FLSA if the parties to a private action present to a district court a proposed settlement agreement and the district court enters a judgment approving the settlement. *Id.* To approve the settlement, the district court must determine whether the settlement agreement constitutes a fair and reasonable resolution of a bona fide dispute regarding FLSA provisions. *Id.* at 1355.

In suits brought by employees under the FLSA for overtime wages, settlements may be permissible "because initiation of the action by the employees provides some assurance of an adversarial context." *Id.* at 1354. In such adversarial cases, the Eleventh Circuit has determined that:

> The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute[,] we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* (footnote omitted).

The parties agreed to a settlement, which was submitted for review. (S-Doc. 53). After a thorough review of the settlement agreement, the court concludes that the settlement is a fair and reasonable resolution of the parties' dispute. *See Lynn's Food*, 679 F.2d at 1353–55. Thus, the parties' motion to approve FLSA settlement agreement is due to be granted.

**II. Motion to Dismiss Non-Participating Plaintiffs (Doc. 54)**

The parties participated in a court-ordered mediation on June 3, 2025. The mediation resulted in the execution of a settlement agreement by the defendants and these named plaintiffs: (1) Kayla McQueen, (2) Norma Ferreira, (3) Ashlyn Metcalf, (4) Yvelly McNally, (5) Chayenne Desouza, (6) Komae Williams, (7) Jamie Burgos, and (8) Autumn Gullick.

The non-participating plaintiffs did not attend the mediation and are not included in the settlement. Notably, these same non-participating plaintiffs failed to appear for their duly noticed depositions in the companion case of *Evans v. Ent. 2851, LLC*, Case No. 8:23-cv-00498-WFJ. There, United States Magistrate Judge Sean P. Flynn recommended the court dismiss the non-participating plaintiffs from that action "with prejudice for failure to prosecute and failure to participate in discovery." *Id.* (Doc. 87).

Federal Rule of Civil Procedure 41(b) provides that "[i]f the plaintiff fails

3

to participate or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power,' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630–631 (1962); *see also Equity Lifestyle Properties, Inc. v. Fla. Mowing And Landscape Serv., Inc.*, 556 F.3d 1232, 1241 (11th Cir. 2009) ("A district court need not tolerate defiance of reasonable orders." (citing cases)).

Here, the non-participating plaintiffs failed to appear at the mediation, as required under the mandatory pre-suit grievance process specified in their underlying agreements. The non-participating plaintiffs' failure to participate in this action, appear at the court-ordered mediation, or otherwise comply with the parties' mandatory pre-suit grievance process constitutes grounds for dismissal of their claims, with prejudice, under Rule 41(b) and the court's inherent power.

Accordingly, it is **ORDERED** that:

1. The parties' Joint Motion for Approval of FLSA Settlement Agreement (Doc. 52) is **GRANTED**. The settlement agreement (S-Doc. 53) is accepted, adopted, and approved by the court;

4

2. The defendants' Motion to Dismiss Non-Participating Plaintiffs (Doc. 54) is **GRANTED**. This action is **DISMISSED with prejudice** as to all plaintiffs; and

3. The Clerk is directed to terminate all pending deadlines and close the case.

**ENTERED** in Tampa, Florida, on August 18, 2025.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge